**DIANA ALLEN LIFE INSURANCE TRUST, On Behalf of itself and All others Similarly Situated, Plaintiff–Appellant,**

v.

**BP P.L.C., BP Exploration (Alaska), Inc., and The Standard Oil Company, Defendants–Appellees.**

No. 08–2045–cv.

United States Court of Appeals, Second Circuit.

June 23, 2009.

Susan Salvetti (Richard A. Speirs, Sona R. Shah, Justin M. Tarshis, of counsel), Zwerling, Schachter & Zwerling, LLP, New York, NY, for Plaintiff–Appellant.

John Warden (Richard C. Pepperman, II, Steven J. Purcell, of counsel), Sullivan & Cromwell LLP, New York, NY, for Defendants–Appellees.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff Diana Allen Life Insurance Trust appeals from an order and final judgment of the district court (Crotty, *J.*) entered April 1, 2008, dismissing the complaint with prejudice for lack of standing and failure to state a claim, and denying Plaintiff leave to amend. Plaintiff, a Unit Holder of the BP Prudhoe Bay Royalty Trust (the "Trust"), brought suit against BP p.l.c. and two of its subsidiaries, BP Exploration (Alaska), Inc. ("BPXA") and The Standard Oil Company ("Standard Oil") (collectively, the "Defendants"), to recover damages arising out of a temporary shutdown of the Prudhoe Bay oil field in August 2006. Trust Units are registered and traded on the New York Stock Exchange. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

We review a district court's dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6) *de novo,* "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282

F.3d 147, 152 (2d Cir.2002). We review a district court's denial of leave to replead for abuse of discretion. *Conboy v. AT & T Corp.*, 241 F.3d 242, 259 (2d Cir.2001).

The district court properly dismissed Plaintiff's claim against BP p.l.c. for breach of the Support Agreement, as Plaintiff did not plead any breach of that contract. The Support Agreement requires only that BP p.l.c. ensure that BPXA and Standard Oil have the funds to satisfy their payment obligations under the Royalty Trust Agreement. As BPXA and Standard Oil satisfied their payment obligations, the provision never became applicable.

The district court also properly dismissed the remaining counts for lack of standing as the claims asserted in those counts were derivative in nature and could be brought only by the Trust itself, not individual Unit Holders. In *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031 (Del.2004), the Delaware Supreme Court held that the issue of "whether a stockholder's claim is derivative or direct ... must turn *solely* on the following questions: (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?" *Id.* at 1033. In order for a claim to be direct, plaintiff must allege that "the duty breached was owed to the stockholder and that he or she can prevail *without showing an injury to the corporation.*" *Id.* at 1039 (emphasis added).

In this case the alleged harm, a reduction in royalty payments received from BPXA and Standard Oil as a result of the decline in oil production, was suffered by the Trust, and the Trust would receive the benefit of any recovery. Plaintiff has alleged no breach of duty owed to Trust Unit Holders as opposed to the Trust itself, and has not alleged that it can prevail on its claims without showing injury to the Trust itself.

Plaintiff argues that the district court erred in analyzing its contract claims under *Tooley* because it had a separate contractual basis to bring a direct claim. Even if this were true, Plaintiff's argument fails because it is not a third party beneficiary to the contract at issue here. To qualify as a third-party beneficiary under Delaware law:

(i) the contracting parties must have intended that the third party beneficiary benefit from the contract, (ii) the benefit must have been intended as a gift or in satisfaction of a pre-existing obligation to that person, and (iii) the intent to benefit the third party must be a material part of the parties' purpose in entering into the contract.

*Amirsaleh v. Bd. of Trade of N.Y., Inc.*, No. 2822–CC, 2008 WL 4182998, at *4 (Del.Ch. Sept. 11, 2008) (internal quotation marks omitted); *see also In re Stone & Webster, Inc.*, 558 F.3d 234, 241 (3d Cir. 2009). In this case, the Trust Agreement specifically gives the Trustee the authority to sue on the Trust's behalf for any claims belonging to the Trust. The fact that the Trust, like all trusts, was created for the benefit of the Unit Holders does not make the Unit Holders third party beneficiaries with standing to bring suit, as "[i]n most cases, a trustee has the exclusive authority to sue third parties who injure the beneficiaries' interest in the trust." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 567, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990).

Plaintiff also points to a provision of the Royalty Trust Agreement providing that Unit Holders are "treated as the owners of trust income and corpus" and argues that, unlike the beneficiaries of a "traditional" trust, the Unit Holders in this Trust have

legal title to the Trust's property, *i.e.*, the Royalty Interest, and thus also have the right to bring suit directly when that property is damaged. This argument likewise fails. Read in context, the Unit Holders' status as "owners" of Trust property is solely a matter of federal tax law. As clarified in a subsequent provision of the Trust Agreement, the "interest of a Unit Holder is and shall be construed for all purposes (except for tax purposes) to be intangible personal property, and no Unit Holder as such shall have any legal title in or to any real property interest that is a part of the Trust Estate, including, without limiting the foregoing, the Royalty Interest or any part thereof."

██ Finally, the district court did not abuse its discretion by denying Plaintiff leave to replead, since amendment of the complaint would have been futile. *See Yerdon v. Henry*, 91 F.3d 370, 378 (2d Cir.1996). Before filing their motion, Defendants submitted a letter to the district court outlining the bases for the motion, and the district court then invited Plaintiff to amend its complaint to address the deficiencies identified in Defendant's letter. Plaintiff declined.

We have considered all of Plaintiff's other arguments and find them without merit. Accordingly, the judgment of the district court is AFFIRMED.